**AFFIRM; Opinion Filed August 19, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-12-00608-CR

### AN THUY PHAM, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-81767-09**

# MEMORANDUM OPINION
Before Justices Lang, Myers, and Evans
Opinion by Justice Evans

Following her plea of not guilty, appellant An Thuy Pham was convicted by a jury of burglary of a habitation. The trial court sentenced her to two years' imprisonment, probated for two years. In her sole point of error, appellant complains the trial court erred by denying her request to instruct the jury on mistake of fact. For the reasons that follow, we affirm the trial court's judgment.

## FACTUAL BACKGROUND

Appellant testified to the following at trial. On April 2, 2009, she picked up her son from daycare after her ex-husband Kendall Creel told her he would not be able to do it.[1] As she drove away from the daycare center with her son, appellant observed a vehicle that she recognized as

---

[1] Appellant's divorce from Creel had become final that day.

belonging to Creel's first wife, Rupali.[2]  Appellant followed the car and when it stopped at an intersection, appellant got out of her vehicle and approached the driver's side window and saw that Creel was driving the car.  She returned to her vehicle.  Appellant later saw the vehicle Creel was driving parked in a residential driveway in the area.  Appellant had never been to the house and did not know whose house it was.  She parked her car in the driveway and carried her son to the front of the house and knocked on the front door.  When nobody answered, appellant went to a window and knocked.  She also banged on the window with her shoe.  Appellant admitted she was upset and having somewhat strong emotions at the time.

Appellant saw Creel open the front door to the house.  She admitted that no one invited her to come inside the house and that Creel told her he did not want her to come in.  Appellant testified that she and Creel argued back and forth, then she bit Creel on the arm and entered the house.  Once inside the house, appellant hit Rupali and pulled Rupali's hair.  Appellant also testified that while all of this was going on, she was carrying her son.

Creel testified that he first became aware appellant was at the house when he heard Rupali screaming "[Appellant] is outside the window" and he saw appellant beating on the window with a shoe while holding their son in her arms.  He told Rupali to call 911 and opened the front door, standing with his hand across the doorway.  He told appellant she was not coming in.  Appellant bit his arm, charged into the house, and began hitting Rupali with appellant's purse and car keys.  He stated that appellant also pulled out a big piece of Rupali's hair from her scalp.  Rupali's testimony corroborated Creel's version of the events.  At the conclusion of the

---

[2] Ken and Rupali were remarried at the time of trial.

evidence, appellant requested the trial court include a mistake-of-fact instruction in the jury charge.[3] The trial court denied the request.

## ANALYSIS

In her sole point of error, appellant contends that a mistake of fact instruction should have been given to the jury because the nature of the relationship between appellant, Creel, and Rupali made it reasonable for appellant to have mistakenly believed she had consent to enter the house. We review the trial court's denial of a requested jury instruction for an abuse of discretion. *See Wesbrook v. State*, 29 S.W.3d 103, 122 (Tex. Crim. App. 2000). Defendants are entitled to an instruction on every requested defensive issue raised by the evidence, whether the evidence is weak or strong, unimpeached or uncontradicted, and regardless of the credibility of the defense. *See Allen v. State*, 253 S.W.3d 260, 267 (Tex. Crim. App. 2008). When determining whether an instruction on a defensive issue was warranted, we view the evidence in the light most favorable to the defendant. *See Bufkin v. State,* 207 S.W.3d 779, 782 (Tex. Crim. App. 2006).

It is a defense to prosecution that the defendant through mistake formed a reasonable belief about a matter of fact if her mistaken belief negated the kind of culpability required for the offense. *See* TEX. PENAL CODE ANN. § 8.02 (West 2011). As applicable here, a person commits burglary if, without effective consent of the owner, she enters a habitation and commits or attempts to commit a felony, theft, or assault. TEX. PENAL CODE ANN. § 30.02(a)(3) (West 2011). Appellant argues that because there was evidence that (1) she and Creel were the parents of the child she was holding when the events on April 2, 2009 took place, (2) Creel had asked her to pick up their son even though he was supposed to have custody that day, and (3) she and

---

[3] Appellant advanced several bases for the requested instruction including (1) the nature of the relationship between the parties, (2) it was Creel's day to have their child and appellant could have thought she could enter the house to deliver the child to him, and (3) appellant and Creel were having sex on a regular basis.

Creel were having sexual relations, appellant had a reasonable mistaken belief that she had permission to enter the house to transfer custody of the child.

Appellant, however, never testified that she believed she had permission to enter the house to transfer custody of her son to Creel or that she entered the house for that purpose. On the contrary, in response to a question inquiring why she took her son inside the house appellant responded, "The main thing is because [Creel's] car was there. I didn't know who was in the house. But the main thing is [my son's] safety, and I didn't want him to sit in the car all by himself." Appellant further testified that she knew Creel and Rupali did not want her to enter the house but she went in anyway. Because there was no evidence that appellant believed she had consent to enter the house, she was not entitled to an instruction on mistake of fact. We overrule appellant's sole point of error.

We affirm the trial court's judgment.

/David Evans/
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

120608F.U05

—4—



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

AN THUY PHAM, Appellant

No. 05-12-00608-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 219th Judicial District Court, Collin County, Texas
Trial Court Cause No. 219-81767-09.
Opinion delivered by Justice Evans,
Justices Lang and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 19th day of August, 2013.


/David Evans/
DAVID EVANS
JUSTICE